Kelly McCann, OSB # 196548
kelly.mccann@burnsidelawgroup.com
Burnside Law Firm
312 NW 10th Avenue, Suite 200
Portland, Oregon 97209-3121
(503) 208-6120
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MYIAH IKEMOTO and ANDREW IKEMOTO,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS PERSONAL INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3:24-cv-01599-YY<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs Myiah and Andrew Ikemoto ("Plaintiffs") respectfully move under Fed. R. Civ. P. 15(a)(2) for leave to file their First Amended Complaint ("FAC"). This is Plaintiffs' first request to amend. A copy of the proposed FAC is attached as Exhibit A to the McCann Declaration filed herewith and identifies the claims asserted against Defendant Travelers Personal Insurance Company.

Pursuant to LR 7-1(a)(1), Plaintiffs conferred with Defendant's counsel regarding this motion. On September 11, 2025, defense counsel stated that "Travelers has no comment on the proposed amended complaint."

1 PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs ask the Court to grant leave and deem the proposed FAC filed as of the date of the Court's Order.

## I. MEMORANDUM IN SUPPORT
### A. Legal Standard

After a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court instructs that leave should be granted absent factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). Prejudice to the opposing party is the touchstone of the inquiry. *Id*. at 1052.

### B. The Requested Amendment Satisfies Rule 15(a)(2)
#### 1. Diligence / Reason for Amendment.

Plaintiffs promptly prepared a first amended pleading to clarify the factual allegations and articulate their claims based on information developed to date. The proposed FAC asserts a breach of insurance contract claim (including attorney-fee entitlement under ORS 742.061) and a negligence-per-se claim grounded in ORS 746.230(1) (Unfair Claim Settlement Practices), consistent with the case's insurance-coverage posture.

#### 2. No Undue Delay, Bad Faith, or Repeated Failure.

This is Plaintiffs' first amendment request, sought in good faith and at an early stage relative to merits adjudication. There has been no repeated failure to cure deficiencies.

#### 3. No Undue Prejudice.

The amendment will not unfairly prejudice Defendant. The proposed claims arise from the same insurance-coverage dispute, do not add new parties, and will not require

2 PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

materially different discovery than already anticipated in this case. Indeed, defense counsel has indicated that Travelers "has no comment on the proposed amended complaint," evidencing at least no articulated prejudice from the amendment.

### 4. Futility Not Shown.

The proposed FAC states well-recognized causes of action in Oregon insurance disputes. At this stage, no futility showing justifies denying leave.

Given Rule 15's liberal standard and the absence of countervailing factors, the Court should grant leave.

## II. Requested Relief

Plaintiffs respectfully request an Order (1) granting leave to amend, (2) directing Plaintiffs to file the First Amended Complaint in the form lodged as Exhibit A to the McCann Declaration, and (3) resetting any responsive-pleading deadline to 14 days after entry of the Order (or another period the Court prefers).

Dated: September 12th, 2025

/s/ Kelly McCann
Kelly McCann, OSB # 196548
*Of Attorneys for Plaintiffs*

3 PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT